**155 So. 244**

**BOYKIN et al. v. JENKINS et al.**

No. 32012.

April 23, 1934.

Rehearing Denied May 21, 1934.

See, also, 174 La. 335, 140 So. 495.

Lee & Williams, of Mansfield, for appellants Mrs. M. L. Jenkins and N. W. Jenkins.

Pugh, Grimmet & Boatner, Fred Simon, and J. N. Marcantel, all of Shreveport, for appellant Magnolia Petroleum Co.

Caven & Caven, of Marshall, Tex., and Craig, Bolin & Magee, of Mansfield, for appellees.

Harry V. Booth, of Shreveport, for Butler-McMurray Drilling Co., Mrs. J. Warren Butler, George W. McMurray, Roger Lawson, and R. F. Dugan.

LAND, Justice.

Plaintiffs, as the alleged heirs at law of George M. Farr, have sued the defendants, Mrs. Mary Lou Jenkins, N. W. Jenkins, and the Magnolia Petroleum Company, to recover an undivided one-fourth interest in a tract of land in De Soto parish, and in the oil produced from same.

In the lower court there was judgment in favor of plaintiffs, recognizing them as heirs of George M. Farr and as owners of an undivided one-fourth interest in the property in dispute.

There was also judgment in favor of plaintiffs against the defendants, Mrs. Mary Lou

Jenkins, N. W. Jenkins, and Magnolia Petroleum Company, in solido in the sum of $1,200.78 for plaintiffs' one-fourth interest in the oil produced by that company, and against Mrs. Mary Lou Jenkins and N. W. Jenkins in solido in the sum of $170.38, for plaintiffs' one-fourth interest in royalty of $681.54 paid defendants by the original lessee, Butler-McMurray Drilling Company.

Defendants have appealed.

The issue as to whether or not the plaintiffs are the heirs at law of George M. Farr and entitled to recover a one-fourth interest in the property is admitted by the defendants to be settled in the affirmative by the evidence in the case.

The only two remaining issues to be passed upon by the court are:

First, did the cost of drilling, equipping, and operating the well on the property exceed the value of oil produced therefrom?

Second, is the prescription of one year applicable?

The defendants Mrs. Mary Lou Jenkins and N. W. Jenkins leased the entire property to the Butler-McMurray Drilling Company, which brought in a producing oil well, and paid to defendants, prior to January 24, 1923, a royalty of $681.54.

The Fortuna Oil Company, afterwards merged into the Magnolia Petroleum Company, purchased the Butler-McMurray Drilling Company's lease, and equipment located thereon for the price of $6,000, and, since January 24, 1923, produced oil, above the cost of production, to the value of $4,803.13.

Defendants seek to charge against the property the amount expended by the Butler-McMurray Drilling Company, in addition to the amount expended by the Magnolia Petroleum Company.

But plaintiffs are not seeking a judgment against the Butler-McMurray Drilling Company for the oil taken by it from the property. That company and its members are parties to this suit only as warrantors of the Magnolia Petroleum Company, which would be entitled to recover from the Butler-McMurray Drilling Company only the amount paid for the lease, $6,000. But since this amount has been deducted by plaintiffs, as a part of the cost of production of the oil by the Magnolia Petroleum Company, that company cannot recover it again, under its call in warranty, from the Butler-McMurray Drilling Company. Nor can the latter company recover, under its call in warranty, any judgment against the defendants Mrs. Mary Lou Jenkins and N. W. Jenkins, since the lease executed by them to the Butler-McMurray Drilling Company was without any other consideration than the drilling for oil and gas on the property.

Under this view of the case, the accounts between the parties stand as follows:

Amount of oil produced by Magnolia Petroleum Company.......$15,694.00
Amount expended by it, exclusive of amount paid Butler-McMurray Drilling Company for lease...... 4,890.87

Net to Magnolia Petroleum Company .........................$10,803.13
Amount of Butler-McMurray Drilling Company's warranty......... 6,000.00

Net Balance..................$ 4,803.13

The judgment of the lower court was in favor of plaintiffs for one-fourth of this net balance, or the sum of $1,200.78, and, in our opinion, is correct.

2. Now, as to the plea of prescription of one year under article 3537 of the Civil Code, relied upon by defendants.

This article of the Code specifically declares that this prescription runs "from the date knowledge of such damage is received by the owner," and it is alleged, and was proved by plaintiffs, that they had no knowledge that oil had been taken from the property until less than a year prior to the filing of the suit.

This prescription is not pleaded against George M. Farr, who died in 1911, long before any oil was taken from the land. This being true, we fail to appreciate the contention of defendants that the act of George M. Farr, in leaving for parts unknown and in keeping his whereabouts from his wife and son, is directly responsible for plaintiffs having no knowledge of a producing well being drilled upon the property in question, and that, therefore, plaintiffs cannot be heard to avail themselves of a situation created by their ancestor, or to claim the benefit which ignorance of these facts might otherwise cause to operate in their favor.

When Farr died in 1911, the interest in the land vested in plaintiffs. The prescription is pleaded against them, as owners, and we fail to understand in what way the acts of their ancestor, complained of by defendants, can affect or destroy the rights and claims of plaintiffs against defendants.

Judgment affirmed.

ST. PAUL, J., absent.